UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DSNR MEDIA GROUP LTD, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>VDOPIA, INC., et al.,<br><br>   Defendants. | Case No. 19-cv-07833-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 14, 23, 40 |

  Plaintiffs DSNR Media Group Ltd. ("DMG") and DSNR Media Innovations Ltd. ("DMI") (collectively the "DSNRs") are affiliated marketing companies that bring multiple claims arising out of two contracts between them and defendant Vdopia. Inc. ("Vdopia"). Their claims against Vdopia are encompassed by an arbitration provision in those contracts, and are therefore barred, as are their claims against individual defendants for their acts as Vdopia employees. Defendants' motion to dismiss is GRANTED.

  Pursuant to Civil Local Rule 7-1(b), I found this motion was appropriate for disposition without oral argument and vacated the hearing scheduled for June 3, 2020. [Dkt. No. 39]. The DSNRs request to be heard because they planned to argue defendants' mischaracterization of what is happening in arbitration regarding provisional remedies. *See* Plaintiffs' Urgent Request to Be Heard on Defendants' Judicial Notices [Dkt. No. 40]. This attempt to reserve additional argument for the hearing is improper. A party cannot withhold arguments to present at the hearing; they must be briefed prior to the hearing. Their request for hearing is DENIED. They have an opportunity to amend their complaint in accordance with this Order.

**BACKGROUND**

**A.     Non-Payment under the Agreements**

The DSNRs provide media and video marketing solutions to businesses.  Complaint ("Compl.") [Dkt. No. 1] ¶ 5.  Vdopia is a "Chocolate" or "Chocolate Platform" which provides advertising services to app developers and mobile publishers.  *Id.* ¶ 7. Individual defendants Bhatia, Kakani, and Upadhyay are founders of Vdopia; Bhatia is the Chief Executive Officer, Kakani is the Chairman, and Upadhyay is the Chief Financial Officer.  *Id.* ¶¶ 8-10.

On February 2, 2016, Vdopia entered into a contract with DMG and subsequently on August 21, 2017, it entered into a contract with DMI (hereinafter the "Agreements").  *Id.*, Ex. A ("Vdopia Chocolate® Marketplace Agreement for Advertisers and Publishers" with DMG), Ex. B ("Vdopia Chocolate® Marketplace Agreement for Advertisers and Publishers" with DMI). Individual defendants Shrivastava and Kumar are managers and/or employees of Vdopia who were in contact with the DSNRs regarding payments under the Agreements.  *Id.* ¶¶ 11-12.

Pursuant to the Agreements, the DSNRs were "publishers" that offered advertising opportunities (called "Placements"), on Vdopia's auction platform.  *Id.* ¶ 21.  Using Vdopia's auction platform, advertisers then bid on the DSNRs' Placements, and Vdopia identified the winning bid for each placement.  *Id. See* Agreements at Section 1.1.  In other words, Vdopia acted as a "middle man" between advertisers and publishers through the digital "marketplace" platform it operated, receiving money from the advertisers with winning bids, and paying money to the publishers, like the DSNRs, whose Placements are the subject of those bids.  *Id.* ¶ 25.  It calculated and reported any "Monthly Revenue" due to the DSNRs at the end of every month.  *Id.* ¶ 26.

Vdopia initially timely paid the Monthly Revenues owed to the DSNRs but, in January 2018, it began falling behind on payments.  *Id.* ¶ 29.  The DSNRs claim that Vdopia received payments by advertisers for their Placements, but instead of using those funds to pay what was owed to them under the contracts, Vdopia diverted the money for other purposes.  *Id.* ¶ 31.  They further allege that Vdopia unilaterally imposed its own arbitrary "payment plan" and began paying random amounts lower than what was owed.  *Id.* ¶ 33.  In sum, Vdopia owes $267,019.65 to DMG and $252,305.81 to DMI (all before interest), for a total of $519,325.46.  *Id.* ¶¶ 1, 32 and Exs. C,

D.

### B. Pending Arbitration Proceedings

Section 8 of both Agreements provides that "[a]ll actions or proceedings arising in connection with, touching upon or relating to this Agreement, the breach thereof and/or the scope of the provisions of Section 10.4 will be submitted to the American Arbitration Association for final and binding arbitration under its commercial Rules of Arbitration[.]" It adds that "[t]he arbitrator will have the power to enter temporary restraining orders and preliminary and permanent injunctions." Agreements at Section 8. Most importantly, it provides a limited exception of when matters may be resolved in a court of law:

> Neither party will be entitled or permitted to commence or maintain any action in a court of law with respect to any matter in dispute until such matter will have been submitted to arbitration as herein provided and then only for the enforcement of the arbitrator's award; <u>provided however</u>, that prior to the appointment of the arbitrator or for remedies beyond the jurisdiction of an arbitrator, at any time, either party may seek pendent lite relief in a court of competent jurisdiction in Alameda County, without thereby waiving its right to arbitration of the dispute or controversy under this action.

*Id.* (emphasis in original).

On August 8, 2019, pursuant to the arbitration clause, the DSNRs commenced arbitration proceedings against Vdopia before the American Arbitration Association ("AAA") to recover the amounts they were owed. *Id.* ¶ 2; *see* Request for Judicial Notice in Support of Defendant Vdopia, Inc.'s Motion to Dismiss Plaintiffs' Complaint ("RJN") [Dkt. No. 15-1], Ex. 1 (Demand for Arbitration in AAA Case Number 01-19-0002-4054). And on March 6, 2020, they filed a motion for pre-hearing relief or a preliminary injunction in the AAA case, which was set to be heard on May 6, 2020. *See* RJN, Ex. 2 (Motion for Pre-Hearing Relief or a Preliminary Injunction in AAA case number 01-19-0002-4054); Request for Judicial Notice in Support of Defendants' Reply Brief in Support of Defendants' Motion to Dismiss ("Suppl. RJN") [Dkt. No. 27-1], Ex. 1 (email from arbitrator setting hearing date of May 6, 2020 on motion for preliminary relief).[1]

---

[1] Defendants' request for judicial notice of the following three documents related to AAA Case Number 01-19-0002-4054 is GRANTED: (i) the Demand for Arbitration; (ii) Motion for Pre-Hearing Relief or a Preliminary Injunction; and (iii) email from the arbitrator setting a May 6, 2020 hearing date for consideration of the Motion for Pre-Hearing Relief or a Preliminary Injunction. *See* RJN, Exs. 1 & 2; Suppl. RJN, Ex. 1; *Fortis v. Warrior Trading, Inc.*, No.

3

### C. This Lawsuit

On November 29, 2019, the DSNRs filed this suit to seek "injunctive relief and a pre-judgment attachment of Vdopia's assets, in order to preserve Vdopia's assets for satisfaction of the ultimate arbitration award in [their] favor." Compl. ¶ 4. Altogether they bring the following eleven causes of action: (1) breach of contract; (2) common count: account stated; (3) injunctive relief; (4) writ of attachment and right to attach order; (5) piercing the corporate veil; (6) unjust enrichment; (7) fraud and deceit; (8) quantum meruit; (9) breach of implied covenant of good faith and fair dealing; (10) negligence; and (11) false promise. Given Vdopia's history of non-payment, it seeks pre-judgment attachment and injunctive relief. *Id.* ¶ 44.

Defendants move to dismiss this case on grounds that the DSNRs seek duplicative relief in the pending arbitration case and their claims are insufficiently pleaded. *See* Vdopia, Inc. et al.'s Memorandum of Points and Authorities in Support of Their Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("MTD") [Dkt. No. 14-1].[2]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss if a claim fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a claim must be supported by facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555,

---

19CV00627MCEKJN, 2019 WL 5721835, at *1 (E.D. Cal. Nov. 5, 2019) (granting judicial notice of AAA materials as a matter of public record).

[2] This motion is brought on behalf of Vdopia and three of the five individual defendants, Saurabh Bhatia, Shivam Shrivastava, and Satish Kumar. The remaining two individual defendants seek to join because the arguments raised in the motion equally apply to them. *See* Defendants Venkata Srikanth Kakani and Chhavi Upadhyay's Notice of Joinder in Defendant Vdopia, Inc. et al.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 23]. Their motion for joinder is GRANTED.

570.

Under Federal Rule of Civil Procedure 9(b), a party must "state with particularity the circumstances constituting fraud or mistake," including "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). However, "Rule 9(b) requires only that the circumstances of fraud be stated with particularity; other facts may be pleaded generally, or in accordance with Rule 8." *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 992 (9th Cir. 2011). In deciding a motion to dismiss for failure to state a claim, the court accepts all of the factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

### I. CLAIMS AGAINST VDOPIA

When all claims made in the litigation are subject to arbitration, courts may choose to dismiss the action in its entirety for the failure to state a claim under Rule 12(b)(6). *Semcken v. Genesis Med. Interventional, Inc.*, No. C 04-02654 FMS, 2004 WL 2203561, at *2 (N.D. Cal. Sept. 29, 2004), *aff'd,* 132 F. App'x 155 (9th Cir. 2005) (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir.1988)). Dismissal for failure to state a claim is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citing *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir. 2003)).

The arbitration clause contained in the Agreements between the DSNRs and Vdopia is broadly worded: it covers "[a]ll actions or proceedings in connection with, touching upon or relating to this Agreement [.]" Agreement at Section 8. Every claim in the Complaint is predicated upon alleged non-performance or non-payment of the underlying Agreements and is therefore barred by the arbitration clause. *See Clarium Capital Mgmt. LLC v. Choudhury*, No. C 08-5157SBA, 2009 WL 331588, at *2 (N.D. Cal. Feb. 11, 2009) ("[A] broad

arbitration clause does not limit arbitration to the literal interpretation or performance of the contract but rather embraces every dispute between parties having a significant relationship to the contract regardless of the label attached to the dispute.") (citation and quotation marks omitted).

The DSNRs do not dispute that the arbitration provisions cover their dispute and admit that they commenced arbitration proceedings against Vdopia prior to filing this suit. But they contend that this suit is proper because the relief they seek falls within the exception to the arbitration clause. The Agreements provide that "prior to the appointment of the arbitrator or for remedies beyond the jurisdiction of an arbitrator, at any time, either party may seek pendent [sic] lite relief in a court of competent jurisdiction in Alameda County." Compl. ¶ 2 (citing Agreement at Section 8). They claim that the provisional remedy and injunctive relief sought here is pre-judgment relief that exceeds the jurisdiction of the arbitrator; after the provisional remedies, they plan on keeping this Complaint "standing until the arbitration will be over." *Id.* ¶¶ 2, 77.

The Agreements expressly provide for preliminary relief in arbitration. Agreement at Section 8 ("The arbitrator will have the power to enter temporary restraining orders and preliminary and permanent injunctions."). The DSNRs have already filed a motion with the arbitrator for preliminary injunction and immediate payment of the alleged debt. *See* RJN, Ex. 2 (motion filed in AAA case, seeking an order that requires Vdopia to put money in a trust account or an order that it not spend the unpaid amount of $519,325.46 until the arbitration is finalized). The DSNRs do not explain how the relief they seek here is different from what they seek in the arbitration or why it exceeds the jurisdiction of the arbitrator. Their claims against Vdopia in this lawsuit are barred by the arbitration provision; the DSNRs have failed to show that the relief sought is necessarily beyond the jurisdiction of an arbitrator.

## II. CLAIMS AGAINST INDIVIDUAL DEFENDANTS

The DSNRs allege that the arbitration clause does not apply to their claims against individual defendants because those defendants did not sign the arbitration agreement. Compl. ¶ 3. But "an obligation to arbitrate does not attach only to those who have actually signed the agreement to arbitrate." *Amisil Holdings Ltd. v. Clarium Capital Mgmt.*, 622 F. Supp. 2d 825, 830 (N.D. Cal. 2007). "[A]gents of a signatory can compel the other signatory to arbitrate so long as

6

(1) the wrongful acts of the agents for which they are sued relate to their behavior as agents or in their capacities as agents (citation omitted) and (2) the claims against the agents arise out of or relate to the contract containing the arbitration clause (citation omitted)." *Id.* at 835.[3] Those criteria are met here.

The Complaint does not include any specific allegations regarding the individual defendants and instead lumps them together with allegations against Vdopia. The individual defendants are sued because of their duties to the DSNRs as officers and managers of Vdopia. *See, e.g.* Compl. ¶ 101 ("The individuals have failed to conform to the standard of conduct"); *id.* ¶ 104 (alleging individual defendants "acted in bad faith and have not paid for the services as promised" and therefore have "breached" the duty to exercise "ordinary care"). The allegations against them arise out of or relate to the underlying Agreements and their alleged role in past due invoices. Claims against the individual defendants are therefore barred by the arbitration clause.[4]

## CONCLUSION

Defendants' motion to dismiss is GRANTED. Given the breadth of the arbitration provision and the facts as presently alleged, it seems unlikely that the DSNRs can plausibly and in good faith assert claims that escape arbitration. But if the DSNRs think they can do so, and given

---

[3] *See Amisil Holdings Ltd.*, 622 F. Supp. 2d at 840 (collecting cases); *Westmoreland v. Sadoux*, 299 F.3d 462, 467 (5th Cir. 2002) (providing that a nonsignatory can compel arbitration when the signatory raises allegations of substantially interdependent and concerted misconduct by the nonsignatory and the other signatory); *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 778 (2d Cir. 1995) (noting that a signatory can be bound to arbitrate with a nonsignatory "because of the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract . . . and [the fact that] the claims were intimately founded in and intertwined with the underlying contract obligations").

[4] Because I find that the claims here are barred by arbitration, I need not address defendants' remaining arguments regarding insufficiency of fraud and negligence claims and whether DMI and DMG meet permissive joinder requirements.

7

the liberal right to amend, the DSNRs may amend their Complaint within 20 days of this Order.

**IT IS SO ORDERED.**

Dated: June 2, 2020



William H. Orrick
United States District Judge