UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DSNR MEDIA GROUP LTD, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>VDOPIA, INC., et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-07833-WHO<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

In this suit, plaintiffs DSNR Media Group Ltd. and DSNR Media Innovations Ltd. (collectively the "DSNRs") bring multiple claims arising out of two contracts between them and defendant Vdopia. Inc. ("Vdopia").  On June 2, 2020, I granted defendants' motion to dismiss on grounds that the DSNRs' claims are encompassed by an arbitration provision in those contracts, and are therefore barred, as are their claims against individual defendants for their acts as Vdopia employees.  Dkt. No. 41.  Although I found it unlikely that the DSNRs could plausibly and in good faith assert claims that escape arbitration, I gave them leave to amend by June 22, 2020.  More than eight months have passed and the DSNRs have not filed an Amended Complaint or otherwise responded to my order.

It is well established that district courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010).  In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead*, 594 F.3d at 1084 (quoting Hen*derson v.*

*Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. As described above, the DSNRs were given an opportunity to file an Amended Complaint and failed to timely do so. Without an Amended Complaint, the operative Complaint is deficient for the reasons stated in my June 2, 2020 order. This failure to prosecute hinders my ability to move this case forward toward disposition and suggests that the DSNRs do not intend to litigate this action diligently.

The third factor – prejudice to defendant – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted here.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move toward disposition at a reasonable pace and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). The DSNRs have not discharged this responsibility despite ample opportunity to file an Amended Complaint. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh the DSNRs' failure to file an Amended Complaint within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The DSNRs had the ample opportunity to file an Amended Complaint but did not do so.

For the foregoing reasons, I find that the factors weigh in favor of dismissal. This action is hereby DISMISSED without prejudice for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 9, 2021

William H. Orrick
United States District Judge